UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 16-cr-10054-IT |
| | * | |
| PERRY LEARNING, | * | |
| | * | |
| Defendant. | * | |

ORDER

April 21, 2017

TALWANI, D.J.

Before the court is Warden E. L. Tatum, Jr.'s second request for an extension of time to complete an evaluation of Defendant under 18 U.S.C. § 4242 [#75]. For the following reasons, the request is DENIED.

Defendant was indicted in connection with an alleged robbery of $1,480.00. [#10]. On December 14, 2016, the government requested that Defendant be examined under 18 U.S.C. § 4242. [#57]. Section 4242 evaluations are governed by 18 U.S.C § 4247(b), which authorizes commitment for purposes of the evaluation for a "reasonable period, but not to exceed forty-five days." The period of commitment for purposes of examination may be extended for a period "not to exceed thirty days" only upon a showing that additional time is necessary to observe and evaluate the defendant. On **December 16, 2016**, the court granted the government's request for an evaluation, committed Defendant to the custody of the Attorney General for placement in the suitable facility closest to the court for such examination, and directed that such examination occur "at the earliest practicable date, and in any event within 45 days." [#59].

On January 31, 2017, the government acknowledged the 45 day deadline but reported to the court that the report had not yet been completed. [#62]. The following day, the government

requested by motion that the court extend "the time for completion of the evaluation and report for a period not to exceed an additional 30 days." [#64] The court granted the request, setting a **March 1, 2017,** final statutory deadline for completion of the evaluation. [#65].

In a letter dated March 17, 2017, Warden Tatum acknowledged the court's Order of December 16, 2016, ordering an examination of Defendant pursuant to 18 U.S.C. § 4242. [#71]. Making no mention of the statutory deadlines set forth in the court's order, Warden Tatum stated that he "generally ask[s] for 45 days from the date of arrival" (March 6, 2017) at New York's Metropolitan Correctional Center, but requested here "an additional 15 days" to complete the evaluation. The letter asserted that this request was "as permitted by the statute," but offered the court no guidance as to what statute would permit commitment for an additional 60 days for the purpose of evaluation beyond the expired 75 day period under 18 U.S.C. § 4247(b). After a hearing with counsel, and with defense counsel's assent, the court reluctantly (and without statutory authority) granted the Warden's request, and set a **May 4, 2017,** deadline for completion of Defendant's evaluation. [#74].

In a letter dated **April 14, 2017,** the Warden has again requested an extension of time for such examination. Again, the Warden asserts, without citation, that "the additional 15 days" is "permitted by the statute." The statutory scheme sets forth maximum, not minimum commitment times for evaluation, all of which have passed, and the court sees no statutory authority for granting the additional time. And at the time the Warden made this latest request, he still had twenty days for such evaluation and has offered no grounds for why the evaluation could not be completed between April 14 and the May 4, 2017, evaluation deadline.

The request for additional time for evaluation is DENIED.

Date: April 21, 2017                             /s/ Indira Talwani  
                                                 Indira Talwani  
                                                 United States District Judge