UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10054-IT |
| | ) | |
| PERRY C. LEARNING | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum in the above-captioned case, which is scheduled for sentencing on December 20, 2017.  For the reasons outlined in this memorandum, the Government believes that a sentence of 63 months' imprisonment, the low-end of the advisory guideline range, is an appropriate sentence in this matter.  The Government also requests that the defendant be placed on supervised release for a period of three years.  Lastly, the Government requests that Learning be ordered to pay restitution in the amount of $1,480.00 to Citizens Bank, and be ordered to pay a special assessment of $100.00.

## I.    PROCEDURAL HISTORY

On March 3, 2016, Perry C. Learning ("Learning") was named in a one-count Indictment charging him with Bank Robbery in violation of 18 U.S.C. § 2113(a).  On July 25, 2017, Learning pled guilty to the one-count Indictment.

II.   **FACTS**

The facts, as stated in the Pre-Sentence Report ("PSR"), are uncontested.

On December 17, 2015, at approximately 4:30 p.m., a white male entered a branch of the Citizens Bank located at 1200 Hancock Street, Quincy, Massachusetts.  After speaking with two other bank employees, the individual approached a teller and stated in substance, "Give me $20s and $100s, no dye."  The teller handed the individual $1,480 in U.S. currency.  The individual took the money and subsequently left the bank.

All three employees who spoke with the individual described him as a white male with a thin build, in his late 20's, wearing a hat and a grey sweatshirt.

The bank's surveillance cameras were operating and functioning on the date of the robbery.  The cameras captured images of the individual as he entered the bank, interacted with the bank's employees, and then exited the bank.

Pictures of the individual were circulated to the Quincy Police Department and posted to the Massachusetts Most Wanted Network.  Law enforcement personnel familiar with Learning immediately identified him as the individual depicted in the photographs.

On January 4, 2016, a warrant was issued by the Quincy District Court charging Learning with the robbery of the

Citizens Bank on December 17, 2015.  On January 11, 2016,
Learning turned himself in to the Quincy Police Department.
Learning was advised of his *Miranda* rights and signed a waiver
of those rights.  He agreed to an interview with the Quincy
Police Department and members of federal law enforcement.
Learning also allowed the interview to be audio and video
recorded.

During the interview, Learning was shown photographs from
the robbery and stated that he was the individual in the
photographs who had robbed the Citizen Bank on December 17,
2015.  Learning then initialed each of the bank's surveillance
photographs.

## III. <u>GUIDELINE ANALYSIS</u>

### A. Offense Level Computation

**¶ 21 Base Offense Level:**

The Government agrees with Probation's conclusions that
Learning's base offense level is 20. [PSR ¶ 21].

**¶ 22 Specific Offense Characteristics**

The Government agrees with Probation's conclusion that,
because the property of a financial institution was taken,
Learning's base offense level is increased by two levels.

**¶ 26 Adjusted Offense Level:**

The Government agrees with Probation's conclusion that the
adjusted offense level is 22.

**¶¶ 28 and 29 Acceptance of Responsibility:**

The Government agrees with Probation that Learning's offense level should be decreased by three levels for his acceptance of responsibility.

**¶ 30 Total Offense Level:**

The Government agrees with Probation's conclusions that Learning's total offense level is 19.

**B. Criminal History**

**¶¶ 46 to 48 Criminal History Computation:**

The Government agrees with Probation's conclusions that Learning, with a criminal history score of 23, is in criminal history category VI. [PSR ¶ 48].

The Government further agrees with Probation that, based on a total offense level of 19 and a criminal history category of VI, the guideline imprisonment range is 63 to 78 months.

**IV.  SENTENCING RECOMMENDATION**

18 U.S.C. § 3553(a) directs a sentencing court to consider specific enumerated factors when determining an appropriate sentence.  These factors include: 1) "the nature and circumstances of the offense and the history and characteristics of the defendant" and 2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public

from further crimes of the defendant, and to provide for the needs of the defendant.

Learning is a life-long, drug-dependent individual who has resorted to criminal behavior to sustain his addiction.  Over the course of his adult life, Learning has been convicted of crimes on fourteen different occasions.  Five of Learning's prior convictions are for bank robbery, with the instant offense bringing that number to six.  The seriousness of bank robbery can hardly be understated.  It is not just Learning's own life that is affected each time he attempts to finance his substance abuse by robbing a bank.  On the contrary, his actions greatly impact the lives of the bank's employees and customers.

Moreover, while there is little doubt that Learning has endured a challenging life, but he has also refused to learn from his mistakes.  Despite receiving numerous periods of incarceration and state sponsored probation, Learning has continued to engage in a familiar pattern of drug-fueled behavior resulting in additional criminal actions.  Learning had even met with his state probation officer in Quincy just days before committing the instant offense.  In short, Learning's criminal record clearly demonstrates his inability and unwillingness to adjust his lifestyle and live in accordance with the law and societal norms.

The government's recommendation while severe, will allow Learning to gain access to multiple educational programs to attempt to modify his lifestyle and choices.

## V.   CONCLUSION

For the reasons stated herein, the Government requests this Court impose a sentence of 63 months' imprisonment, the low-end of the advisory guideline.  Following completion of this sentence, the Government also requests that Learning be on supervised release for a period of three years.  During the term of supervised release, the Government requests this Court to require Learning to attend and complete drug counseling, mental health counseling, job counseling, and any other rehabilitative programs available. Additionally, the Court should order Learning to pay restitution of $1,490.00 to Citizens Bank and a special assessment of $100.00.

This is a just an appropriate sentence as dictated by the facts and circumstances of this case, as well as Learning's extensive criminal history.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By:   */s/ Kenneth G. Shine*
KENNETH G. SHINE
Assistant U.S. Attorney

6

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>*/s/ Kenneth G. Shine*</u>
KENNETH G. SHINE
Assistant U.S. Attorney